IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY,<br><br>Plaintiffs,<br><br>v.<br><br>FOSSIL GROUP, INC.,<br><br>Defendant. | CASE NO. 2:18-cv-00049-JRG-RSP<br><br>JURY TRIAL DEMANDED |

**FOSSIL'S RESPONSE TO FREENYS' MOTION TO STRIKE PORTIONS OF THE
<u>DAMAGES REBUTTAL EXPERT REPORT OF LAUREN R. KINDLER</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................... 1

II. Argument .................................................................................................................. 2

    A. Contentions interrogatories are best left until the close of discovery. .............. 2

    B. Fossil identified its non-infringing alternatives during the discovery process and the Freenys investigated them. ...................................................................................... 3

    C. The Freenys' experts addressed Fossil's non-infringing alternatives in their opening report. .................................................................................................................. 8

    D. Ms. Kindler's opinions find their basis in the information that the Freenys learned during discovery, or rebutting new information first disclosed in Freenys' opening reports. ............... 9

    E. Fossil disclosed the ████████████████████████████████
████████████████████████████████ .................................................................. 10

    F. Regardless, any information Ms. Kindler provided in her report was justified or harmless under Rule 37(e). .......................................................................................... 11

III. CONCLUSION ........................................................................................................ 13

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*KAIST IP US LLC v. Samsung Elecs. Co., Ltd.,*
  No. 2:16-CV-01314-JRG-RSP, 2017 WL 9937763 (E.D. Tex. Dec. 15, 2017)......................2, 3

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,*
  467 F.3d 1355 (Fed. Cir. 2006).................................................................................................2

*Salazar v. HTC Corp.,*
  No. 2:16-CV-01096-JRG-RSP, 2018 WL 2033709 (E.D. Tex. Mar. 28, 2018) .......................7

*Woods v. DeAngelo Marine Exhaust, Inc.,*
  692 F.3d 1272 (Fed. Cir. 2012)..................................................................................................2

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| A | Rebuttal Expert Report of Lauren R. Kindler |
| B | Plaintiffs' Notice of Deposition to Defendant Fossil Group, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6) |
| C | Plaintiffs' Amended Notice of Deposition to Defendant Fossil Group, Inc. Pursuant to Federal Rules of Civil Procedure 30(b)(6) |
| D | Objections to Plaintiffs' Notice of 30(b)(6) Deposition of Fossil |
| E | Fossil's Second Set of Interrogatories to Plaintiffs |
| F | Plaintiffs' Objections and Responses to Defendant Fossil Group, Inc.'s Second Set of Interrogatories to Plaintiffs |
| G | Plaintiffs' Objections and Responses to Defendant Fossil Group, Inc.'s First Set of Requests for Admission to Plaintiffs |
| H | Deposition Transcript of Greg McKelvey taken March 7, 2019 |
| I | Corrected Transcript of the Deposition of Steven Prokup taken March 20, 2019 |
| J | Fossil's Third Supplemental Objections and Responses to Plaintiffs' First Set of Interrogatories |
| K | Plaintiffs' First Supplemental Objections and Responses to Defendant Fossil Group, Inc.'s Second Set of Interrogatories to Plaintiffs |
| L | Rebuttal Expert Report of Dean Sirovica Regarding Validity of The Asserted Claims of U.S. Patent No. 6,490,443 |
| M | Expert Report of Dean Sirovica Regarding Infringement By Defendant Fossil Group, Inc. |
| N | Exhibit A to Plaintiffs' Infringement Contentions |
| O | Expert Report of Wayne A. Hoeberlein |
| P | [REDACTED] |
| Q | May 29, 2019 Email from J. Gilbert to D. Conrad |

## I.  INTRODUCTION

[REDACTED] In fact, the Freenys' technical and damages experts each thoroughly opined on Fossil's non-infringing alternatives in their opening reports. Furthermore, the Freenys deposed the same employee that Fossil's damages expert relied upon and asked him and another employee questions addressing the same information that Ms. Kindler presents in her report. Finally, the Freenys presented for the first time new infringement theories and information Fossil had sought during discovery in their opening technical report, and Fossil was justified in addressing those new theories.

[REDACTED]

Finally, the Freenys' damages expert had an opportunity to opine in a supplemental report that he served on May 29. He chose not to address any of the foregoing complaints. Thus, the Freenys' allegation about any prejudice is misplaced, and their inability to obtain any information they complain about earlier—if warranted—was harmless.



## II.     ARGUMENT

In her report, Ms. Kindler considered ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

They were also known to the Freenys ▮▮▮▮▮▮▮▮▮▮▮▮▮ and investigated during depositions and by the Freenys' experts. Rule 26(e) only requires a party to supplement its discovery response if the "information ***has not otherwise been made known to the other parties during the discovery process*** or in writing." FED. R. CIV. P. 26(e) (emphasis added). Here, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ but the non-infringing alternatives and the information Ms. Kindler relies upon in her discussion of them were made known to the Freenys. Furthermore, to the extent the Freenys' complaints are warranted, it is harmless or justified and Freenys' motion is an attempt to wholesale exclude important testimony.

### A.     Contentions interrogatories are best left until the close of discovery.

The Freenys' complaint that Fossil's answers to their contentions interrogatories were not answered early in the case is misplaced. This Court has consistently recognized that answers to contention interrogatories change over time as theories of liability and non-infringement crystallize. *See KAIST IP US LLC v. Samsung Elecs. Co., Ltd.*, No. 2:16-CV-01314-JRG-RSP, 2017 WL 9937763, *1 (E.D. Tex. Dec. 15, 2017) (Payne, M.J.). Thus, answers to such interrogatories are often best left until the close of discovery. *See Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) ("[A]nswers to [contention] interrogatories may not come into focus until the end of discovery."); *O2 Micro Int'l Ltd. v. Monolithic Power*

*Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006) ("Answers to [contention] interrogatories are often postponed until the close of discovery.").

It is undisputed that Fossil timely provided answers to the Freenys' contention Interrogatories Nos. 7 and 8 prior to the close of the discovery period. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The Freenys did not request more time for serving their expert reports in order to address Fossil's discovery responses. They also did not complain about the sufficiency of the supplemental responses.

### B. Fossil identified its non-infringing alternatives during the discovery process and the Freenys investigated them.

On Jan. 17, 2019, the Freenys served a 30(b)(6) notice of deposition for February 14. Ex. B, Jan. 17 Not. of 30(b)(6) Depo. It identified as Topic No. 11: "Fossil's past and present assessments of the acceptability of alternative designs for the accused products, including alternatives that do not infringe the patent-in-suit." *Id.* at p. 9. After an agreement on scheduling, the Freenys served an amended notice of deposition for March 5. Ex. C, Mar. 5 Amd. Not. of 30(b)(6) Depo. On March 15, Fossil served objections to the Freenys' 30(b)(6) notice of deposition. It notified the Freenys that "Fossil will be presenting one or more expert witnesses to testify on this topic." Ex. D, Mar. 15 Fossil Objs. to 30(b)(6) NOD, p. 8. The Freenys raised no complaint about this objection to the topic of the acceptability of alternatives.

On March 3, 2019, Fossil served interrogatories identifying various product configuration alternatives and asking for Freenys' contentions in response:

> **INTERROGATORY NO. 14**: Describe in complete detail all incremental functionality possessed by smartwatches that are capable of using both Bluetooth and Wi-Fi over smartwatches that are capable of using only Bluetooth.
>
> **INTERROGATORY NO. 15**: Describe in complete detail Your contention, including identifying all supporting evidence, that smartwatches that are capable of

3

using both Bluetooth and Wi-Fi are more valuable than smartwatches that are capable of using only Bluetooth.

**INTERROGATORY NO. 19**: Describe in complete detail, including identifying all supporting evidence, the relative customer demand for smartwatches that have both Bluetooth and Wi-Fi functionality over other smartwatches (including but not limited to smartwatches with Bluetooth but no Wi-Fi functionality, and smartwatches with Bluetooth and cellular but no Wi-Fi functionality).

**INTERROGATORY NO. 20**: Describe in complete detail, including identifying any supporting evidence, the extent of customer demand for the Wi-Fi functionality on the Accused Products.

Ex. E, Mar. 2 Fossil's 2nd Set of Rogs, pp. 8–9. The Freenys provided no narrative responses in their responses served on April 1. Instead, they identified only a single document without explanation, as well as directing Fossil to the entire deposition transcript of two Fossil witnesses without explanation. Ex. F, Apr. 1 Pltfs Resp. to 2nd Set of Rogs, pp. 4–6, 10–12.

Also on March 2, Fossil served a request for admission requesting the Freenys' contentions on a non-infringing configuration of the Accused Products without Wi-Fi:

**REQUEST FOR ADMISSION NO. 9:** Admit that no Accused Product would infringe the Asserted Patent if its ability to use Wi-Fi were disabled.

The Freenys objected as premature, deferred to expert reports, and stated they could not admit or deny. Ex. G, Apr. 1 Pltfs Resp. to 1st Set of RFAs, pp. 6–7.

During those depositions of Fossil's employees, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ For example, in the deposition of Greg McKelvey, Fossil's Executive Vice President, on March 7, ▉▉▉▉▉▉▉▉▉▉▉



4



during the deposition of Fossil's 30(b)(6) witness Steven Prokup on March 20 (despite Fossil's prior objections to the topic).





Following depositions, both parties supplemented their interrogatory responses. On April 16, Fossil served a supplemental response for Interrogatories Nos. 7 and 8. Ex. J, Apr. 16 Fossil's 3rd Supp. Resp. to Pltfs 1st Set of Rogs, pp. 14–17; *see also* Ex. K, Apr. 17 Pltfs 1st Supp. Resp. to 2nd Set of Rogs.

████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████ *See Salazar v. HTC Corp.*, No. 2:16-CV-01096-JRG-

RSP, 2018 WL 2033709, *3 (E.D. Tex. Mar. 28, 2018) (Payne, M.J.). ████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████

██████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████

██████████████████████████

████████████████████████████████████

██████████████████ A week prior to Ms. Kindler serving her report, ████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████.████████████████

7

██████████
████████████████████████████████████████████
████████████████████████████████████████████
████.

### C. The Freenys' experts addressed Fossil's non-infringing alternatives in their opening report.

Because ███████████████████████████████████████, and the Freenys were aware of and investigated those alternatives, the Freenys' experts both opined on Fossil's non-infringing alternatives. Freenys' technical expert, Dr. Sirovica, ████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██ ██████████████████████████████████████████
████████████████████████████████████████████
████████████ ███████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████.█
███████████████ ████████████████████████████
██████████████████████

8

The Freenys' damages expert also opined on the non-infringing alternatives available to Fossil, relying upon Dr. Sirovica. Ex. O, Hoeberlein Rpt., ¶ 101.

D. **Ms. Kindler's opinions find their basis in the information that the Freenys learned during discovery, or rebutting new information first disclosed in Freenys' opening reports.**

Although Ms. Kindler relied upon interviews with Mr. Prokup, the Freenys took his deposition, and the information she identifies in her report was previously known or provided to the Freenys

9

[REDACTED]

Simply put, the Freenys obtained during discovery all the information they need to challenge and cross-examine Ms. Kindler on her conclusions at trial.

E. **Fossil disclosed** [REDACTED]

[REDACTED]

10

[redacted]

**F.   Regardless, any information Ms. Kindler provided in her report was justified or harmless under Rule 37(e).**

The Freenys made only a conclusory statement in their Motion that they were "at a severe disadvantage in formulating a response," citing Federal Rule of Civil Procedure 37(e). *See* Mot. at 1. Their contention that they were "kept completely in the dark" is plainly disingenuous. *Id.* [redacted]

[redacted] Any injury the Freenys raise is justified or harmless and does not warrant exclusion in whole or in part.

[redacted]

11



Thus, although Ms. Kindler discusses the background behind her reliance on the alternative, the Freenys' contentions at trial will not focus on that information. In any event, the Freenys investigated the issues she discusses during discovery and will be equipped to cross-examine on them. Finally, the Freenys' damages expert served a supplemental expert report after Ms. Kindler provided her opinions, and he chose not to address this issue at all.



Finally, it is apparent that the Freenys have brought this motion to strike Ms. Kindler's opinions wholesale, and prevent the jury from hearing anything from Ms. Kindler on subject matter that is important to Fossil's damages case, rather than trying to identify any harm and potential remedies with particularity. In the email exchange for the meet and confer for this motion, Fossil's counsel explained:



12

[REDACTED]

*See* Ex. Q, May 29 Email from J. Gilbert to D. Conrad (emphasis added). The Freenys did not further engage Fossil on these issues before filing its motion.

## III.   CONCLUSION

For all these reasons, Fossil respectfully requests that the Court deny the Freenys' motion in its entirety.

Dated: June 14, 2019

Respectfully submitted,

**FISH & RICHARDSON P.C.**

By: */s/ David B. Conrad*
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
David B. Conrad
Texas Bar No. 24049042
conrad@fr.com
Noel F. Chakkalakal
Texas Bar No. 24053676
chakkalakal@fr.com
Michael A. Vincent
Texas Bar No. 24105738
vincent@fr.com
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 - Telephone
(214) 747-2091 - Facsimile

Ruffin B. Cordell
Texas Bar No. 04820550
cordell@fr.com
FISH & RICHARDSON P.C.
1000 Main Ave. SW, Suite 1000
Washington, DC 20024
202-783-5070 Telephone
202-783-2331 Facsimile

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLIAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
(903) 934-8450 Telephone
(903) 934-9257 Facsimile

**COUNSEL FOR DEFENDANT FOSSIL GROUP, INC.**

### CERTIFICAT OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order in this case.

/s/ David B. Conrad
David B. Conrad

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via electronic mail on June 14, 2019, to all counsel of record who are deemed to have consented to electronic service.

/s/ David B. Conrad
David B. Conrad