~~FILED UNDER SEAL~~

~~HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY~~

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY, | Case No. 2:18-cv-00049-JRG-RSP |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| FOSSIL GROUP, INC., | |
| Defendant. | |

## PLAINTIFFS' MOTIONS *IN LIMINE*

~~FILED UNDER SEAL~~

~~HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY~~

## TABLE OF CONTENTS

I.     Motion *in Limine* No. 1: To Preclude Any Reference to "Patent Trolls" or Any Other Disparaging Terminology for Patent Plaintiffs..........................................1

II.    Motion *in Limine* No. 2: To Preclude Any Evidence or Argument Regarding Any Prior Litigations Involving Third-Party Automated Business Companies ("ABC") ........................................................................................................................1

III.   Motion *in Limine* No. 3: To Preclude Any Evidence or Argument Regarding the Freenys' Conduct in Prior Litigations....................................................................2

IV.    Motion *in Limine* No. 4: To Preclude Any Inappropriate Discussion of the Freenys' Litigation Counsel or Their Fee Agreements ................................................3

V.     Motion *in Limine* No. 5: To Preclude Any Evidence or Argument Regarding the Fossil/███████ Agreement...........................................................................4

VI.    Motion *in Limine* No. 6: To Preclude Any Evidence or Argument Regarding the Acceptability of Any Non-Infringing Alternatives .................................................4

VII.   Motion *in Limine* No. 7: To Preclude Any Evidence or Argument that the Freenys Are Not Entitled to Pre-Suit Damages Due to Failure to Mark .................................5

VIII.  Motion in Limine No. 8: To Preclude Any Testimony from Daryl Ong and Charlie Stiernberg ...................................................................................................6

IX.    Motion in Limine No. 9: To Preclude Any of Fossil's Counsel of Record Other Than David Conrad From Acting as Lead Trial Counsel or Taking A Lead Role At Trial..................................................................................................................7

X.     Motion in Limine No. 10: To Preclude Any Evidence or Argument Regarding Any Alleged Breach of Contract By the Freenys ........................................................7

XI.    Motion in Limine No. 11: To Preclude Any Evidence or Argument Regarding Any Damages Fossil Suffered as a Result of Its Alleged Breach of Contract Counterclaim ...............................................................................................................8

FILED UNDER SEAL
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## TABLE OF AUTHORITIES

**Cases**

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017) .............. 6

*City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375 (2008) ...................................... 9

*Metamining, Inc. v. Barnette*, 2013 WL 3245355 (W.D. Va. June 26, 2013) ................................ 6

*Rembrandt Wireless Techs., LP v. Samsung Electronics Co.*, 2015 WL 627430

 (E.D. Tex. Jan. 31, 2015) ..................................................................................................... 1, 4

**Statutes**

Fed. R. Civ. Proc. 26(a)(1)(A) ...................................................................................................... 6

Fed. R. Civ. Proc. 26(e)(1) ............................................................................................................ 6

Fed. R. Civ. Proc. 37(c)(1) ........................................................................................................ 4, 5

Fed. R. Evid. 402 ................................................................................................................. 1, 2, 3, 8

Fed. R. Evid. 403 ................................................................................................................. 1, 2, 3, 8

FILED UNDER SEAL

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Plaintiffs Charles C. Freeny III, Bryan E. Freeny, and James P. Freeny ("the Freenys") hereby move *in limine* for the exclusion of the following evidence and arguments that they expect Defendant Fossil Group, Inc. ("Fossil") may attempt to introduce at trial.

## I.    Motion *in Limine* No. 1: To Preclude Any Reference to "Patent Trolls" or Any Other Disparaging Terminology for Patent Plaintiffs

Fossil should be precluded from using the term "patent troll" or any similarly disparaging terms at trial to refer to the Freenys or patent plaintiffs in general, and it should be precluded from referring to this litigation as a "stick up," "hold up," "shakedown," or any other similar terminology suggesting that this litigation is somehow improper.  Such terminology serves no purpose other than to unfairly suggest that the Freenys are somehow bad actors because they assert their patent rights against others through litigation.  Any characterization of the Freenys as "patent trolls" or any other similarly disparaging characterizations of patent plaintiffs or the nature of this litigation is therefore highly prejudicial, and should be excluded under Federal Rule of Evidence ("FRE") 402 and 403.  *See Rembrandt Wireless Techs., LP v. Samsung Electronics Co.*, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015) (granting motion in limine to preclude use of terms such as "patent troll," "pirate," "bounty hunter," "privateer," "bandit," "paper patent," "submarine patent," "stick up," "hold up," "shakedown," "and "playing the lawsuit lottery").

## II.    Motion *in Limine* No. 2: To Preclude Evidence or Argument Regarding Any Prior Litigations Involving Third-Party Automated Business Companies ("ABC")

Fossil should be precluded from offering any evidence regarding any prior litigation involving third party Automated Business Companies ("ABC") or the outcomes of those litigations.  ABC is the previous owner of the patents-in-suit, and the Freenys are the current owners of ABC.  ABC owns a large portfolio of patents on which the Freenys' father, Charles C.

Freeny, Jr., is the named inventor, and ABC has been engaged in prior litigation on some of those other patents (which are unrelated to the patent-in-suit).

ABC's prior litigations on unrelated patents and the outcome of those prior litigations have nothing to do with any of the issues in this case. Nevertheless, Fossil has listed on its trial exhibit list at least one document relating to a prior ABC litigation: a Memorandum Opinion and Order in *Automated Business Companies v. WebEx Communications, Inc.*, No. H-06-1032 (S. D. Tex. Apr. 26, 2010). The Order discusses the district court's finding that WebEx's products did not infringe the asserted claims in that litigation. Likewise, Fossil has designated deposition testimony from James Freeny relating to this document that it intends to present at trial.

Fossil has no basis for seeking to introduce at trial any evidence relating to the *ABC v. WebEx* case. That case (and all the other prior ABC cases) involved completely different parties, different counsel, different patents, and different accused systems than the present action. The outcome of any prior ABC cases and any findings in those cases have no bearing on this case. Evidence regarding the prior ABC litigations will therefore serve no purpose other than to unfairly prejudice the jury against the Freenys. For this reason, the Court should preclude all evidence regarding any prior cases involving ABC and their outcomes under FRE 402 and 403.

**III.    Motion *in Limine* No. 3: To Preclude Any Evidence or Argument Regarding the Freenys' Conduct in Prior Litigations**

Fossil should be precluded from offering any evidence regarding the Freenys' conduct in any prior litigation. How the Freenys decided to litigate prior cases has nothing to do with any issue in the case. For example, Fossil's deposition designations indicate that Fossil intends to present deposition testimony from James Freeny at trial that the Freenys filed lawsuits against other defendants such as Garmin, Fitbit, and Disney before notifying them of any infringement allegations or attempting to negotiate any license agreements with them. That the Freenys chose

to file suit against those defendants without first attempting to engage them in pre-litigation discussions, however, has no bearing on any issue in the case. Rather, Fossil likely wants to present this evidence in order to unfairly portray the Freenys as vexatious litigants who abuse the court system rather than trying to resolve disputes amicably with opponents outside of court. But there is nothing improper about a patentee filing suit against an alleged infringer without giving the alleged infringer advance notice of the potential litigation. The jury may not understand this, however, and for this reason, the Court should preclude all evidence regarding how the Freenys conducted any prior litigations against other defendants under FRE 402 and 403.

## IV.   Motion *in Limine* No. 4: To Preclude Any Inappropriate Discussion of the Freenys' Litigation Counsel or Their Fee Agreements

Fossil should be precluded from engaging in any inappropriate discussions at trial regarding the Freenys' litigation counsel (such as referring to counsel as "contingent fee lawyers") or the terms of their fee agreements. Such references are completely irrelevant to any issue in the case and will serve no purpose other than to potentially prejudice the jury against the Freenys.

During fact discovery, Fossil engaged in certain activities which suggest Fossil will attempt to present irrelevant information at trial regarding the Freenys' counsel and/or their fee agreements. For example, during the individual depositions of the Freenys, Fossil's counsel questioned James Freeny at length regarding how their past and present counsel have been compensated for work on various cases. Fossil has also designated deposition testimony from Mr. Freeny regarding the financial interest of the Freenys' counsel in prior litigation. But any evidence regarding the Freenys' litigation counsel or their fee agreements has absolutely no relevance to the claims and defenses in this case and should be precluded from being introduced at trial under Federal Rule of Evidence ("FRE") 402 and 403. *See Rembrandt Wireless Tech.,*

*LP v. Samsung Elec. Co., Ltd.*, No. 2:13-cv-213-JRG-RSP, 2015 WL 627430, at *3 (E.D. Tex. Jan. 30, 2015) (granting motion to preclude Defendants from "any references, evidence, testimony (including expert testimony), arguments regarding, or inquiries attempting to elicit testimony regarding contingent fees, fees incurred, the retention/fee agreements of any party's counsel in this case, and any fees obtained or potentially obtained by counsel as a result of this case.").

V.     **Motion *in Limine* No. 5: To Preclude Any Evidence or Argument Regarding the Fossil/▇▇▇▇▇ Agreement**

Fossil should be precluded from presenting any evidence or argument regarding a license agreement it entered into with ▇▇▇▇▇ in April 2019 ("the Fossil/▇▇▇▇▇ Agreement") for the same reasons discussed in the Freenys' pending Motion to Strike Portions of the Damages Rebuttal Expert Report of Lauren R. Kindler (Dkt. No. 108). Fossil's damages expert relies on this agreement as part of her reasonable royalty analysis. The agreement, however was not produced to the Freenys until May 16, 2019, nearly one month after the close of fact discovery. As a result, the Freenys have been unfairly prejudiced because they had no opportunity to depose any Fossil witness regarding the substance of the agreement, nor did the Freenys' damages expert have an opportunity to respond to the agreement. Fossil therefore should not be permitted to use the untimely produced document as evidence at trial. *See* Fed. R. Civ. Proc. 37(c)(1) ("If a party fails to provide information…as required by Rule 26(a) or (e), the party is not allowed to use that information…unless the failure was substantially justified or is harmless.").

VI.     **Motion *in Limine* No. 6: To Preclude Any Evidence or Argument Regarding the Acceptability of Any Non-Infringing Alternatives**

Fossil should be precluded from presenting any evidence or argument regarding the acceptability of any alleged non-infringing alternatives for the same reasons discussed in the Freenys' pending Motion to Strike Portions of the Damages Rebuttal Expert Report of Lauren R.

Kindler (Dkt. No. 108).  In forming her damages opinions, Ms. Kindler relied on discussions she had with Fossil witness Steven Prokup in which Mr. Prokup provided detailed information regarding how Fossil would technically implement Fossil's alleged design-arounds to the patent and how much those design-arounds would cost.  Ms. Kindler asserts that the information from Mr. Prokup supports her conclusion that Fossil had acceptable non-infringing alternatives to the patent that would cost less than ████████ to implement.  Fossil, however, never disclosed the information that Mr. Prokup possessed regarding the technical implementation and costs of design-arounds during fact discovery.  Instead, Mr. Prokup testified in deposition that Fossil ███ ████████████████████████████████████ (*See* Ex. A at 212:20-213:16).  And Fossil never disclosed this design-around information in response to the Freenys' Interrogatory No. 8, which specifically asked Fossil to disclose "[f]or each design-around option . . . . state all bases for your contention (if any) that such substitutes were (or are) acceptable substitutes for you and your business."  (*See* Ex. B  at 16-17).

Fossil's withholding of this information during discovery has significantly prejudiced the Freenys.  The Freenys had no opportunity to question Mr. Prokup about this information in his deposition because he ████████████████████████████  In addition, because this information was first disclosed in the rebuttal damages report of Ms. Kindler, none of the Freenys' experts had an opportunity to address this information in their expert reports.  Based on this unfair prejudice to the Freenys, Fossil should be precluded from presenting this evidence at trial.  *See* Fed. R. Civ. Proc. 37(c)(1).

**VII.   Motion *in Limine* No. 7: To Preclude Any Evidence or Argument that the Freenys Are Not Entitled to Pre-Suit Damages Due to Failure to Mark**

Fossil should be precluded from presenting any evidence or argument at trial that the Freenys are not entitled to pre-suit damages based on a failure to mark products under 35 U.S.C.

§ 287.   As discussed in the Freenys' opposition to Fossil's motion for partial summary judgment on the patent marking issue (Dkt. No. 137), Fossil cannot prevail on the patent marking issue as a matter of law because Fossil failed to meet its initial burden of production on the issue under *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017).  Under *Arctic Cat*, the defendant bears the initial burden of production to identify specific products it alleges were made or sold unmarked.  *See id.* at 1368.  Fossil failed to meet this initial burden because it never informed the Freenys during discovery of any specific products that it contended should have been marked with the '443 patent number under 35 U.S.C. § 287.  Having failed to meet this initial burden, Fossil cannot assert the patent marking issue at trial.

## VIII.   Motion in Limine No. 8: To Preclude Any Testimony from Daryl Ong and Charlie Stiernberg

Fossil should be precluded from presenting any testimony at trial from third-party witnesses Daryl Ong and Charlie Stiernberg.  These individuals were never disclosed by Fossil as potential relevant witnesses in any of its disclosures or interrogatory responses served during discovery.  The very first time Fossil ever mentioned the names of these individuals was on its trial witness list.  The Freenys therefore had no opportunity to depose either of these witnesses.[1]

Fossil's failure to disclosure these witnesses during discovery has prejudiced the Freenys in their ability to prepare for trial.  As a consequence, Fossil should not be permitted to present these witnesses at trial under Fed. R. Civ. P. 26(a)(1)(A) and 26(e)(1).  *See Metamining, Inc. v. Barnette*, 2013 WL 3245355, at *7-8 (W.D. Va. June 26, 2013) (precluding testimony from two witnesses disclosed in the last two days of fact discovery because "[n]o appropriate explanation has been given for the failure to disclose these witnesses earlier, nor has the overbalancing need

---

[1] And while Mr. Ong is apparently an RPX employee and the Court has permitted Fossil to pursue an additional deposition of RPX, it is uncertain whether Mr. Ong will be RPX's designated representative for the deposition.

for their testimony been shown.").

### IX.    Motion in Limine No. 9: To Preclude Any of Fossil's Counsel of Record Other Than David Conrad From Acting as Lead Trial Counsel or Taking A Lead Role At Trial

Fossil should be precluded from changing its lead counsel from David Conrad to any other attorney of record for trial.  Since the beginning of this case, Mr. Conrad has served as Fossil's lead counsel in this case.  (*See* Dkt. No. 16).  Whenever the Court's local rules required participation of "the lead attorney," Mr. Conrad acted as such.  Mr. Conrad has been deeply involved in all discussions between the parties, including settlement, and has appeared as lead counsel at all of the hearings in this case.

On June 11, 2019, Fossil noticed the appearance of a new counsel, Ruffin Cordell of Fish & Richardson P.C.  (Dkt. No. 128).  It is possible that Fossil intends to change its lead counsel from Mr. Conrad to Mr. Cordell, or someone else for trial.  Fossil should be precluded from switching its lead counsel at the eleventh hour.  Such a change would defeat the purpose of the lead attorney designation requirement under the Local Rules, which is to ensure that lead trial counsel is involved in all major substantive events and decisions in the case to promote judicial efficiency.  For this same reason, the Court should preclude any counsel of record other than Mr. Conrad from presenting the opening or closing arguments at trial, or from taking a lead role in any direct or cross examination of any witnesses.

### X.    Motion in Limine No. 10: To Preclude Any Evidence or Argument Regarding Any Alleged Breach of Contract By the Freenys

Fossil should be precluded from presenting any evidence or argument at trial that the Freenys breached any contract.  In its Motion for Leave to Amend Answer and Counterclaims to Plaintiffs' Amended Complaint and to Take Limited Discovery of Third-Party RPX (Dkt. No. 85), Fossil sought to add to the case a license/release defense as well as a counterclaim that the Freenys breached their agreement with RPX.  At the June 25, 2019 hearing on Fossil's motion,

the Court stated its thinking that "[t]he breach of contract claim to me is separate.  I don't think that is something that has to be handled along with the patent infringement matter, but obviously the license defense is a direct part of the infringement claim."  (Ex. C at 31:6-10).  In its subsequent order granting Fossil's motion for leave, the Court ordered that "Fossil is granted leave to assert its license defense and that the parties are directed to engage in expedited discovery from RPX," but the order is silent with respect to the breach of contract counterclaim. (Dkt. No. 151).

The Freenys' understanding of the Court's order is that Fossil was granted leave to amend its answer to include its license defense, but was **not** granted leave to add its breach of contract counterclaim in this case.  And even if the Freenys' understanding is mistaken, the Court correctly decided that any breach of contract counterclaim should not be a part of the August 19 trial in this matter.  Thus, any evidence or argument suggesting that the Freenys breached their agreement with RPX is irrelevant to any issue that the jury needs to decide.  Fossil should therefore be precluded from presenting any evidence or argument at trial that the Freenys breached any contract under FRE 402 and 403.

## XI.  Motion in Limine No. 11: To Preclude Any Evidence or Argument Regarding Any Damages Fossil Suffered as a Result of Its Alleged Breach of Contract Counterclaim

If the Freenys' Motion *in Limine* No. 10 is not granted, Fossil should nevertheless be precluded from presenting any evidence or argument at trial that it suffered any monetary damages as a result of any alleged breach of contract by the Freenys.  Fossil did not disclose any information as to the damages it allegedly suffered as a result of the alleged breach of contract during fact discovery.  Its damages expert does not offer any opinion on this issue in her expert report.  Nor did Fossil provide any computation of damages for its breach of contract counterclaim or provide any documentation to show such damages, despite the requirement in

the Discovery Order that the parties immediately, without awaiting a discovery request, "provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based."  (Dkt. No. 34 at 3).

Both fact and expert discovery in the case have long since closed, and the only additional discovery that the Court has permitted is limited discovery from RPX on Fossil's license defense.  Thus, it is too late for Fossil to produce any evidence to support its allegation that it has suffered any monetary damages as a result of the Freenys' alleged breach of contract.[2]  Fossil should therefore be precluded from presenting any evidence or argument at trial that it suffered any monetary damages as a result of any alleged breach of contract by the Freenys.

Dated:  July 1, 2019                                   Respectfully submitted,


                                                      /s/ Jennifer L. Gilbert
                                                      Jennifer L. Gilbert

                                                      BANYS, P.C.
                                                      Christopher D. Banys    SBN: 230038 (California)
                                                      Richard C. Lin          SBN: 209233 (California)
                                                      Jennifer L. Gilbert     SBN: 255820 (California)
                                                      1030 Duane Avenue
                                                      Santa Clara, CA 95054
                                                      Tel: (650) 308-8505
                                                      Fax: (650) 353-2202
                                                      cdb@banyspc.com
                                                      rcl@banyspc.com
                                                      jlg@banyspc.com

---

[2] In addition, while Fossil pleaded punitive damages for its breach of contract counterclaim, such damages are not available for a breach of contract cause of action.  *See City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 392 (2008) ("[P]unitive damages may not be awarded for breach of contract . . . ."); *Twin City Fire Ins. Co. v. Davis*, 902 S.W. 2d 663, 665 (Tex. 1995) ("A breach of contract alone will not support punitive damages . . . .").

Local Counsel:

TRUELOVE LAW FIRM, PLLC
Kurt Truelove
Texas Bar No. 24013653
100 West Houston
P.O. Box 1409
Marshall, Texas 75671
Telephone: (903) 938-8321
Facsimile: (903) 215-8510
Email: kurt@truelovelawfirm.com

**ATTORNEYS FOR PLAINTIFFS
CHARLES C. FREENY III, BRYAN E.
FREENY, AND JAMES P. FREENY**

~~FILED UNDER SEAL~~
~~HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY~~

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for the Freenys has complied with Local Rule CV-7(h) and the Motion is opposed.  I conferred with counsel for Fossil on July 1, 2019 regarding the subject matter of the Motion.  Fossil is opposed to the relief requested in the Motion.  The parties have been unable to reach an agreement on the issues raised in the Motion, and their discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ *Jennifer L. Gilbert*
Jennifer L. Gilbert


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on July 1, 2019.  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.

/s/ *Jennifer L. Gilbert*
Jennifer L. Gilbert


## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that under Local Rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

/s/ *Jennifer L. Gilbert*
Jennifer L. Gilbert