~~FILED UNDER SEAL~~
~~HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY~~

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY, | |
| Plaintiffs, | CASE NO. 2:18-cv-00049-JRG-RSP |
| v. | JURY TRIAL DEMANDED |
| FOSSIL GROUP, INC., | ~~FILED UNDER SEAL~~ |
| Defendant. | |

## DEFENDANT FOSSIL'S OMNIBUS MOTIONS IN LIMINE

~~FILED UNDER SEAL~~
~~HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY~~

## TABLE OF CONTENTS

1. The Freenys should be precluded from offering evidence or testimony relating to Fossil's total sales data, total revenues, size, or financial worth.................................. 1

2. The Freenys should be precluded from offering evidence or testimony related to ███████████████████████. ........................................................................ 2

3. The Freenys should be precluded from offering evidence or testimony related to ██████████████████████████████████████████. ..... 3

4. The Freenys should be precluded from offering evidence or testimony related to the ███████████████. ................................................................... 5

5. The Freenys should be precluded from offering evidence or testimony on Doctrine of Equivalents. ...................................................................................... 7

6. The Freenys should be precluded from offering evidence or testimony on ███████ ████████████████████████. ......................................................... 8

7. The Freenys should be precluded from offering evidence or testimony on alternative claim constructions. ...................................................................................... 9

8. The Freenys should be precluded from offering evidence or testimony that █████ ████████████████████████████████. ...... 10

9. The Freenys should be precluded from offering evidence or testimony that █████ ███████████████. ..................................................................... 10

FILED UNDER SEAL
HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Computer Acceleration Corp. v. Microsoft Corp.*,
  503 F. Supp. 2d 819 (E.D. Tex. 2007)................................................................................7, 8

*Datatreasury Corp. v. Wells Fargo & Co.*,
  No. 2:06-cv-72 (E.D. Tex. Oct. 5, 2010) (Folsom, J.) (Ex. 2)...................................................1

*Function Media, L.L.C. v. Google Inc.*,
  No. 2:07-cv-279 (E.D. Tex. Jan 4, 2010) (Everingham, J.) (Ex. 3)............................................1

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970)...........................................................................2, 4, 5

*Inc. v. Lansa, Inc.*,
  594 F. 3d 860 (Fed. Cir. 2010)..............................................................................................3

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F. 3d 51 (Fed. Cir. 2012)................................................................................................5

*LecTec Corp. v. Chattem, Inc.*,
  No. 5:08-cv-130 (E.D. Tex. Jan. 4, 2011) (Folsom, J.) (Ex. 1) ................................................1

*Markman v. Westview Instruments, Inc.*,
  517 U.S. 370 (1996)..............................................................................................................9

*Uniloc USA, Inc., v. Microsoft Corp*,
  632 F.3d 1292 (Fed. Cir. 2011).........................................................................................3, 5

*Unisplay v. American Electronic Sign Co.*,
  69 F.3d 512 (Fed Cr. 1995)................................................................................................2, 5

*United States v. Hall*,
  653 F.2d 1002 (5th Cir. 1981) ....................................................................................6, 8, 9, 11

**Other Authorities**

Fed. R. Civ. P. 402, 403...................................................................................................3, 5, 7

Fed. R. Civ. P. 402, 403, 702...............................................................................................8, 9

Fed. R. Evid. 402, 403 ................................................................................................1, 6, 8, 10

FILED UNDER SEAL
HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

Fed. R. Evid. 403, 408 ..........................................................................................................10

Fed. R. Evid. 702 ...................................................................................................................3

FILED UNDER SEAL

HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

Fossil proposes the following motions *in limine*, specifically that Plaintiffs Charles C. Freeny III, Bryan E. Freeny, and James P. Freeny (the "Freenys") be precluded from arguing, introducing evidence, or mentioning any of the following:

**1.      The Freenys should be precluded from offering evidence or testimony relating to Fossil's total sales data, total revenues, size, or financial worth.**

The Freenys should be precluded from offering any testimony (including expert opinions), evidence, or argument regarding the total sales data, total revenues, total unit sales, profits, or revenue, size, or financial worth Fossil. Such information is not relevant to any issue to be presented to the trier of fact and would thus be unduly prejudicial to Fossil. Fed. R. Evid. 402, 403; *see also LecTec Corp. v. Chattem, Inc.*, No. 5:08-cv-130, at 9 (E.D. Tex. Jan. 4, 2011) (Folsom, J.) (Dkt. No. 324) (Ex. 1) ("On balance, any probative value of Defendants' financial size is substantially outweighed by the danger that the jury might set damages based on Defendants' ability to pay rather than on proper evidence of damages."); *Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72, at 42-44 (E.D. Tex. Oct. 5, 2010) (Folsom, J.) (Dkt. No. 2392) (Ex. 2); *Function Media, L.L.C. v. Google Inc.*, No. 2:07-cv-279, at 5 (E.D. Tex. Jan 4, 2010) (Everingham, J.) (Dkt. No. 345) (Ex. 3) (granting motion in limine to exclude Google's size, wealth, and overall revenues).

The Freenys'



*See* Ex. A, Hoeberlein Rpt.at ¶ 12-22.

*Id*. at ¶ 13-17. *See id*. Therefore, any testimony, evidence, or argument regarding Fossil's total sales data, total revenues, total unit sales, profits, revenues, size, or financial worth is irrelevant to issues at trial, and would be unduly prejudicial to Fossil. Fed. R. Evid. 402, 403.

~~FILED UNDER SEAL~~
~~HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY~~

**2.    The Freenys should be precluded from offering evidence or testimony related to** ███████████████████████████**.**

As further explained in its motion to exclude the testimony of Wayne Hoeberlein, Dkt. 113, the Freenys should not be allowed to present evidence regarding ████████████████████████████████████████.

████████████████████████████████████████

██████████████ *See* Ex. B, ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████ Ex. A,

Hoeberlein Rpt. at ¶ 25. ████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████ is not relevant to any of the factors used to determine a reasonable royalty for a patent license. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). ████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

█████████████████████ *See Georgia-Pacific Corp.*, 318 F. Supp. at 1120; *See also Unisplay v. American Electronic Sign Co.*, 69 F.3d 512, 518 (Fed Cr. 1995).

Additionally, the Freenys' damages expert, Mr. Hoeberlein, filed a supplemental report but chose not to address ████████████████████████

████████████████████████████████████████

FILED UNDER SEAL
HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

does not apply any teachings to his reasonable royalty analysis or any *Georgia Pacific* factors.

███████████████████████████████████████████████████████████████████████████.

Ex. A, Hoeberlein Rpt., ¶ 126. As such, he provides no opinion testimony on it. Thus, his

opinion merely parrots irrelevant information to which he does not have personal knowledge,

████████████████████████████████████████████████████. See Fed. R.

Evid. 702 (expert testimony admissible only if "helpful to the trier of fact"), 402, 403, and 701.

Permitting the Freenys to present such evidence would be unfairly prejudicial to Fossil,

because it would give the Freenys the opportunity to insert irrelevant and prejudicial evidence of

a transfer of non-patented technology-—████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████. *See* Ex. E,

Kindler Rpt., ¶ 51-58. Such irrelevant evidence is highly prejudicial and could lead to jury

confusion regarding the appropriate revenue base for any damages analysis, and thus taint the

jury. *See ResQNet. com, Inc. v. Lansa, Inc.*, 594 F. 3d 860 (Fed. Cir. 2010); *Uniloc USA, Inc., v.*

*Microsoft Corp*, 632 F.3d 1292, 1318 (Fed. Cir. 2011). ███████████████████

████████████████████████████. Ex. F, Hoeberlein Suppl. Rpt.

███████████████████████████████████. Fed. R. Civ. P.

402, 403.

3. **The Freenys should be precluded from offering evidence or testimony related to ████████████████████████████.**

As further explained in its motion to exclude the testimony of Wayne Hoeberlein, Dkt.

113, the Freenys should not be allowed to present evidence regarding ████████████████

████████████████████████████.

FILED UNDER SEAL
HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

██████████████████████████████████████████████████

██████████████████████████████████████████████████

*See* Ex. G, ████████████████████████████████████████████ █

████████████████████████████████████████████████

██████████████████████████████. *See Id*. ████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████    Ex. A, Hoeberlein Rpt. at ¶ 126-127.

In calculating a reasonable royalty, courts consider revenues, profits and cost savings of the **infringing product or process**. *See Georgia-Pacific Corp.*, 318 F. Supp. 1116, 1127-28 (emphasis added) (considering the profits that the defendant was making and could reasonably expect to continue to make "on its sales of [the infringing device]"). ████████████████

████████████████████████████████████████ *See* Ex. G.; *See also*  Ex. D, Comparison of Hybrid and Display Watches (FOSSIL_0008137). ████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

Royalties and revenues from the sales of non-accused, non-patented products are irrelevant and highly prejudicial. *See Georgia-Pacific Corp.*, 318 F. Supp. at 1120.

█████████████████████████████████████████████

████████████████████████████████." *VirnetX*, 767 F. 3d at 1330 (quoting Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1324 (Fed. Cir. 2009)). ████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

4

FILED UNDER SEAL
HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

███████████████████████████. *See* Ex. F, Hoeberlein Supp. Rpt., ¶¶ 10, 13. ██

███████████████████████████████████████████

████████████████████████████████████████" *Id.* ██

███████████████████████████████████████████

███████████████████████████ Thus, Mr. Hoeberlein did not

"carefully tie proof of damages to the claimed invention's footprint in the market place."

*LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F. 3d 51, 67-68 (Fed. Cir. 2012).

████████████████████████████████████████████

████████████████████████████████. *See* Ex.G. ██

███████████████████████████████████████

███████████████████████████████████████

██████    *See Unisplay*, 69 F.3d at 518. ████████████████████

████████████████ would be highly prejudicial to Fossil, because it would give the

Freenys the opportunity to insert evidence that █████████████████████████

██████████████████████████████████████████████

██████    Such irrelevant evidence could also lead to jury confusion regarding the appropriate

revenue base for any damages analysis, and thus taint the jury. *See Uniloc USA, Inc.*, 632 F.3d at

1318. █████████████████████████████████████. Fed. R.

Civ. P. 402, 403.Fed. R. Civ. P. 402, 403.

> **4.    The Freenys should be precluded from offering evidence or testimony related to ██████████████████.**

The Freenys should be precluded from referring to or introducing evidence regarding or

relating to ██████████████████████████████████████

██████ is irrelevant to the issues at trial and would be unduly prejudicial. Fed. R. Evid. 402,

FILED UNDER SEAL
HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

403. In order to be relevant, the evidence must have "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence" which means that the evidence comprises two distinct requirements: (1) it tend to prove the matter sought to be proved; and (2) the matter sought to be proved must be one that is of consequence to the determination of the action. *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981). ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████. Ex. I, ████████

█████████████.

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████. *Id*. at 14 ████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████). ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████ may bias the jurors' decision-making process and interfere with the jury's ability to make a fair evaluation of Fossil's damages case according to the law.  This danger of unfair bias is precisely the type of harm that Rule 403 is

FILED UNDER SEAL
HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

meant to prevent. Therefore, any statement, evidence, argument, or reference relating to the

█████████████████████████. Fed. R. Civ. P. 402, 403.

### 5. The Freenys should be precluded from offering evidence or testimony on Doctrine of Equivalents.

The Local Patent Rules require patentees to expressly identify which of the asserted

claims are alleged to be infringed directly, and which are alleged to be infringed under the

doctrine of equivalents. P.R., 3-1 (d) ("Separately for each opposing party, the "Disclosure of

Asserted Claims and Infringement Contentions" shall contain the following information: . . . (d)

Whether each element of each asserted claim is claimed to be literally present or present under

the doctrine of equivalents in the Accused Instrumentality.").



Although Dr. Sirovica, the Freenys technical expert, identified ████████████████

█████████████████████████████████████████████████████████

████████████████████). See Ex. J, Sirovica Infring. Rpt., at ¶ 95 ██████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████). The Court,

however, █████████████████████████████████████████████

████████████████████ If the Freenys intended to proceed ████████████

██████████████████████████████ the Local Patent Rules

required that this theory be expressly identified in its infringement contentions. These rules were

adopted to "further the goal of full, timely discovery and provide all parties with adequate notice

and information with which to litigate their cases." *Computer Acceleration Corp. v. Microsoft*

*Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007). They are designed to prevent parties from

practicing "litigation by ambush." *See id*.  Since the only issue for which a doctrine of

FILED UNDER SEAL
HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

equivalents argument was raised has been mooted by the Court, the Freenys should be precluded from introducing any doctrine of equivalents arguments at trial. Fed. R. Civ. P. 402, 403, 702.

6.    **The Freenys should be precluded from offering evidence or testimony on** ████████████████████████████████████████████████.

The Freenys should be precluded from referring to or introducing evidence regarding or relating to ███████████████████████████████████. Counsel for Fossil moved to compel the production of information regarding ████████████████████████ ██████████████████████████████. Fossil's Motion to Compel, Dkt. No. 84. ████████████████████████████████████████████ ██████████████████████████. *See* Ex. K, Hrg. Trans.fr. May 13, 2019 at 46:25-47:3 ████████████████████████████████████ ███████████████████████████████████████████ ██████████████████████████████████████. Ex. L, █████████████████████████████████████████ ████████.

Additionally, such evidence would not be relevant to the issues of this case. *See* Fed. R. Evid. 402, 403. In order to be relevant, the evidence must "tend to prove the matter sought to be proved," and also must be "of consequence to the determination of the action." *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981). The evidence regarding the ████████████ ████████ would do neither. Such information can serve no legitimate purpose at trial.

Any probative value of ███████████████████████████████████ are substantially outweighed by the danger of unfair prejudice and jury confusion. *See id*. Knowledge of ████████████████████████████████ may bias the jurors' decision-making process and interfere with the jury's ability to make a fair evaluation of Fossil's

8

FILED UNDER SEAL
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

damages case. *See id.* The danger of unfair bias is precisely the type of harm that Rule 403 is meant to prevent. Therefore, any statement, evidence, argument, or reference relating to ▉ ▉ should be excluded.

**7.      The Freenys should be precluded from offering evidence or testimony on alternative claim constructions.**

Any argument, testimony, evidence, reference, or suggestion that relates to or invokes claim construction issues or otherwise undermines or collaterally attacks the court's claim constructions. Claim construction falls under the jurisdiction of the court. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996).



Ex. M, Sirovica Val. Rpt. at ¶67. ▉ ▉ *See* Dkt. 93, Markman Order. ▉ ▉ Ex. M, Sirovica Val. Rpt at ¶114; Dkt. 93. ▉ and should not be presented to the jury. Fed. R. Civ. P. 402, 403, 702.

~~FILED UNDER SEAL~~
~~HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY~~

8.    **The Freenys should be precluded from offering evidence or testimony that**
████████████████████████████████████████████████████
███████████████

Any comment, suggestion, inference, or argument that ████████████████████
████████████████████████████████, should not be presented to the

jury. Rule 408 of the Federal Rules of Evidence states, in pertinent part, that "conduct or a

statement made during compromise negotiations about [a] claim" is not admissible. Fed. R. Evid.

408(a)(2)████████████████████████████████████████

████████████████████████████████████████ pursuant

to Fed. R. Evid. 408. The Freenys, as evidenced by the deposition of █████████████

██████████████████████████████████████████████

██████. Ex. N, J. Freeny, Dep. Tr., 107:9-18 ██████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████ Such a representation would be

highly prejudicial and would run afoul of Fed. R. Evid. 408(a)(2).  Consequently, The Freenys

should be prevented from referring to ████████████████████████████

██████████████████████████████████████████████

████████████. Fed. R. Evid. 403, 408.

9.    **The Freenys should be precluded from offering evidence or testimony that**
████████████████████████.

The Freenys should be precluded from referring to or introducing evidence which ████

████████████████████████████ because no evidence of this has been

disclosed, and it would therefore be irrelevant to the issues at trial, unduly prejudicial, and

confuse the jury. Fed. R. Evid. 402, 403.  The Freenys response to Interrogatory 5, which asked

10

FILED UNDER SEAL
HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

the Freenys to provide information and documents regarding ███████████████████

████████████████████████████████████████.  See Ex.O, Plaintiff's Second

Supplemental Objections and Responses to Defendant Fossil Group, Inc.'s First Set of

Interrogatories to Plaintiffs, at 10-12.

In order to be relevant, the evidence must have "any tendency to make the existence of

any fact that is of consequence to the determination of the action more or less probable than it

would be without the evidence" which means that the evidence comprises two distinct

requirements: (1) it tend to prove the matter sought to be proved; and (2) the matter sought to be

proved must be one that is of consequence to the determination of the action. *United States v.

Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981). Here, there is no evidence that shows either of these

two criteria are met, so the matter should not be brought up.

FILED UNDER SEAL
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Dated: July 1, 2019

Respectfully submitted,

FISH & RICHARDSON P.C.

By:  */s/ Noel F. Chakkalakal*
      Neil J. McNabnay
      mcnabnay@fr.com
      Texas Bar No. 24002583
      David B. Conrad
      conrad@fr.com
      Texas Bar No. 24049042
      Noel F. Chakkalakal
      chakkalakal@fr.com
      Texas Bar No. 24053676
      Michael A. Vincent
      vincent@fr.com
      Texas Bar No. 24105738
      1717 Main Street, Suite 5000
      Dallas, Texas  75201
      (214) 747-5070 - Telephone
      (214) 747-2091 - Facsimile

      Ruffin B. Cordell
      Texas Bar No. 04820550
      cordell@fr.com
      FISH & RICHARDSON P.C.
      1000 Main Ave. SW, Suite 1000
      Washington, DC 20024
      202-783-5070 Telephone
      202-783-2331 Facsimile

      Melissa R. Smith
      Texas Bar No. 24001351
      melissa@gillamsmithlaw.com
      GILLIAM & SMITH, LLP
      303 South Washington Avenue
      Marshall, TX 75670
      (903) 934-8450 Telephone
      (903) 934-9257 Facsimile

      **COUNSEL FOR DEFENDANT**
      **FOSSIL GROUP, INC.**

12

FILED UNDER SEAL
HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Fossil has complied with Local Rule CV-7(h) and the Motion is opposed. I conferred with counsel for Plaintiff on July 1, 2019 regarding the subject matter of the Motion. Plaintiffs are opposed to the relief requested in the Motion. The parties have been unable to reach an agreement on the issues raised in the Motion, and their discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/ Noel F. Chakkalakal*
Noel F. Chakkalakal

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 1, 2019, to all counsel of record via email.

*/s/ Noel F. Chakkalakal*
Noel F. Chakkalakal

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

The undersigned hereby certifies that the foregoing document is authorized to be filed under seal pursuant to the Protective Order in this case.

*/s/ Noel F. Chakkalakal*
Noel F. Chakkalakal

13