# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY,<br><br>Plaintiffs,<br><br>v.<br><br>FOSSIL GROUP, INC.,<br><br>Defendant. | Case No. 2:18-cv-00049-JRG-RSP |

## JOINT PROPOSED VERDICT FORM

Plaintiffs Charles C. Freeny III, Bryan E. Freeny, and James P. Freeny ("the Freenys") and Defendant Fossil Group, Inc. ("Fossil") hereby submit the following proposed Verdict Form for the trial in this matter. Text highlighted in blue is text proposed by Defendant to which Plaintiffs have not agreed. Text highlighted in yellow is text proposed by Plaintiffs to which Defendant has not agreed.

# **VERDICT FORM**

In answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage or any legal term that appears in the questions below. As used herein, "the Freenys" refers to the plaintiffs Charles C. Freeny III, Bryan E. Freeny and James P. Freeny. As used herein, "Fossil" refers to defendant Fossil Group, Inc.

We, the jury, unanimously agree to the answers to the following questions:

**SECTION I.        INFRINGEMENT**

In answering the Questions below, check "Yes" or "No" for each listed asserted claim in the space provided.

**Question No. 1**: Do you find that the Freenys have proven by a preponderance of the evidence that Fossil directly infringes the following asserted claims of U.S. Patent No. 6,490,443 ("the '443 Patent")?

        **Claim 90:**     Yes _____    No _____

        **Claim 91:**     Yes _____    No _____

        **Claim 94:**     Yes _____    No _____

        **Claim 106:**   Yes _____    No _____

        **Claim 107:**   Yes _____    No _____

        **Claim 110:**   Yes _____    No _____

        **Claim 122:**   Yes _____    No _____

        **Claim 123:**   Yes _____    No _____

        **Claim 125:**   Yes _____    No _____

Please go on to Question No. 2.

**Question No. 2**: Do you find that the Freenys have proven by a preponderance of the evidence that Fossil actively induced the infringement of the following asserted claims of U.S. Patent No. 6,490,443 ("the '443 Patent")?

**Claim 90:** Yes _____ No _____

**Claim 91:** Yes _____ No _____

**Claim 94:** Yes _____ No _____

**Claim 106:** Yes _____ No _____

**Claim 107:** Yes _____ No _____

**Claim 110:** Yes _____ No _____

**Claim 122:** Yes _____ No _____

**Claim 123:** Yes _____ No _____

**Claim 125:** Yes _____ No _____

Please go on to Question No. 3.

**SECTION II.        VALIDITY**

In answering the Questions below, check "Yes" or "No" for each listed asserted claim in the space provided.

**Question No. 3**: Do you find that Fossil has proven by clear and convincing evidence that any of the following asserted claims of the '443 Patent are invalid by anticipation?

        **Claim 90:**    Yes _____ No _____

        **Claim 91:**    Yes _____ No _____

        **Claim 94:**    Yes _____ No _____

        **Claim 106:**    Yes _____ No _____

        **Claim 107:**    Yes _____ No _____

        **Claim 110:**    Yes _____ No _____

        **Claim 122:**    Yes _____ No _____

        **Claim 123:**    Yes _____ No _____

        **Claim 125:**    Yes _____ No _____

Please go on to Question No. 4.

**Question No. 4**: Do you find that Fossil has proven by clear and convincing evidence that any of the following asserted claims of the '443 Patent are invalid by obviousness?

**Claim 90:** Yes _____ No _____

**Claim 91:** Yes _____ No _____

**Claim 94:** Yes _____ No _____

**Claim 106:** Yes _____ No _____

**Claim 107:** Yes _____ No _____

**Claim 110:** Yes _____ No _____

**Claim 122:** Yes _____ No _____

**Claim 123:** Yes _____ No _____

**Claim 125:** Yes _____ No _____

Answer the next question in Section III below only if you found at least one claim listed in Section I infringed (that is, by marking "Yes") **and** found that claim not invalid (that is, you marked "No" for that same claim) in Section II; otherwise do not answer the following question.

**SECTION III.        LICENSE**[1]

**Question No. 5:** Has Fossil shown by a preponderance of the evidence that Fossil has a license to the '443 Patent?

Yes _____       No _____

Answer the next question in Section IV below only if you found at least one claim listed in Section I infringed (that is, by marking "Yes"), **and** found that claim not invalid (that is, you marked "No" for that same claim) in Section II, **and** you answered "No" to Question No. 5; otherwise do not answer the following question.

---

[1] Plaintiffs' Position: Plaintiffs object to the inclusion of "license" or "license and release" in the proposed verdict form as premature because the court has ordered further discovery on Defendant's defense and the parties do not know the terms of the alleged sublicense. Without such information, it is impossible for the parties to craft a question on the verdict form that is accurate and consistent with the terms of the alleged sublicense. Plaintiffs reserve the right to propose alterative language relating to "license" should the alleged sublicense is discovered.

## SECTION IIIIV.    DAMAGES

**Question No. 56:** What sum of money, if paid now in cash, do you find from a preponderance of the evidence[23] is adequate to compensate the Freenys for the conduct you found to infringe?

**Damages:**    $ _____

I certify that the foregoing answers each represent the unanimous decision of the trial jury.

Foreperson's Signature: _____    Date: _____

---

[2] Defendant's Position: Plaintiffs are required to prove damages by a preponderance of the evidence when calculating damages using apportionment. *Finjan, Inc. v. Blue Coat Sys.*, 879 F.3d 1299, 1309–10 (Fed. Cir. 2018).
[3] Plaintiffs' Position: Defendant's proposed inclusion of "from a preponderance of the evidence" language is inappropriate because the standard is not used with regard to an award of damages.

Dated: July 15, 2019

Respectfully submitted,

/ *Jennifer L. Gilbert*

Christopher D. Banys    SBN: 230038 (California)
Richard C. Lin    SBN: 209233 (California)
Jennifer L. Gilbert    SBN: 255820 (California)
1030 Duane Avenue
Santa Clara, CA 95054
Tel: (650) 308-8505
Fax: (650) 353-2202
cdb@banyspc.com
rcl@banyspc.com
jlg@banyspc.com

Local Counsel:

TRUELOVE LAW FIRM, PLLC
Kurt Truelove
Texas Bar No. 24013653
100 West Houston
P.O. Box 1409
Marshall, Texas 75671
Telephone: (903) 938-8321
Facsimile: (903) 215-8510
Email: kurt@truelovelawfirm.com

**ATTORNEYS FOR PLAINTIFFS CHARLES C. FREENY III, BRYAN E. FREENY, AND JAMES P. FREENY**

/s/ *Noel F. Chakkalakal*
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
David B. Conrad
Texas Bar No. 24049042
conrad@fr.com
Thomas H. Reger II
Texas Bar No. 24032992
reger@fr.com
Noel F. Chakkalakal
Texas Bar No. 24053676
chakkalakal@fr.com
Michael A. Vincent
Texas Bar No. 24105738
vincent@fr.com
Collin J. Marshall
Texas Bar No. 24109509
cmarshall@fr.com
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 Telephone
(214) 747-2091 Facsimile

Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
(903) 934-8450 Telephone
(903) 934-9257 Facsimile

**ATTORNEYS FOR DEFENDANT FOSSIL GROUP, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on July 15, 2019.  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.

/s/ *Collin J. Marshall*
Collin J. Marshall