IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY, | § § § § § § § § § § § § | |
| *Plaintiffs*, | | |
| v. | | Case No. 2:18-CV-00049-JRG-RSP |
| FOSSIL GROUP, INC., | | |
| *Defendant*. | | |

## ORDER

Before the Court is Plaintiffs' Motion to Strike Portions of the Damages Rebuttal Expert Report of Lauren R. Kindler (Dkt. No. 108) and Plaintiffs' Motion to Strike Portions of the Expert Report of Peter Rysavy Regarding Invalidity (Dkt. No. 109). After considering the parties' briefing and arguments at the July 22, 2019 pretrial conference, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Strike Portions of the Damages Rebuttal Expert Report of Lauren R. Kindler (Dkt. No. 108) and **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion to Strike Portions of the Expert Report of Peter Rysavy Regarding Invalidity (Dkt. No. 109).

**A. Kindler's Rebuttal Expert Report**

In Plaintiffs' motion to strike portions of Kindler's expert report, Plaintiffs contend that Defendant failed to timely disclose two pieces of information during fact discovery: (1) the acceptability of two non-infringing alternatives to the patented invention and (2) a license agreement between Defendant and Microsoft (the "Fossil-Microsoft" agreement). Therefore,

1

Plaintiffs contend, Kindler cannot rely on the two non-infringing alternatives and the Fossil-Microsoft agreement in forming her damages opinion.

Defendant withdrew its non-infringing alternative argument regarding the two-chip-same function design, but maintains its non-infringing alternative argument involving the disabling of Wi-Fi. Kindler cites the deposition of Steven Prokup, Defendant's 30(b)(6) witness, as the source of her damages opinion concerning this non-infringing alternative. Plaintiffs contend that Defendant never explained in its response to Plaintiffs' Interrogatory No. 8 why it believed the non-infringing alternatives were acceptable substitutes, and withheld its non-infringing alternatives arguments until Kindler's rebuttal report. However, Plaintiffs deposed Prokup on March 20, 2019 and asked numerous questions related to these alternatives. After this deposition, both parties supplemented their interrogatory responses. Fossil served its supplemental interrogatory responses on April 16, 2010. In the Court's view, Plaintiffs were on notice and sufficiently aware of Defendant's alternative of disabling Wi-Fi during Prokup's March 20, 2019 deposition, which took place nearly a month before Fossil served its supplemented interrogatory responses. The Court therefore **DENIES** Plaintiffs' motion in this regard.

Kindler also relies on the Fossil-Microsoft agreement in forming her damages opinion. Defendant and Microsoft entered into this agreement on April 16, 2019, six days before the close of fact discovery. However, Defendant's trial counsel became aware of the agreement on May 2, 2019. Once Defendant's trial counsel confirmed that Microsoft did not object to the production of the agreement, Defendant's trial counsel produced the Fossil-Microsoft agreement on May 16, 2019. The Court finds it troubling that Defendant failed to produce an agreement to which it was a party in an expedient manner. In any event, disclosure of the Fossil-Microsoft agreement is simply too late. The prejudice of depriving Plaintiffs of the opportunity to make discovery about

the agreement, and allow its experts to encompass the agreement in their opinions, is clear. Further, Defendant has not made a persuasive showing of good cause to support the importance of Kindler's reliance on the agreement. The Court therefore **GRANTS** Plaintiffs' motion with respect to Kindler's reliance on the Fossil-Microsoft agreement.

## B. Rysavy's Expert Report

In Plaintiffs' motion to strike portions of portions of Rysavy's expert report, Plaintiffs contend that Defendant failed to comply with the P.R. 3-3 disclosure requirements with respect to disclosing (1) a prior art product called the CORE Remote, and (2) a prior art patent, the Kurple patent. Plaintiffs therefore contend that Rysavy cannot reply on these pieces of prior art in forming his invalidity opinion.

Defendant argues that it did provide an invalidity chart for the CORE Remote, as its invalidity contentions disclosed this product as "Wozniak_439." Defendant contends that the disclosure of Wozniak "adequately put Plaintiffs on notice" of Defendant's invalidity theories. (Dkt. No. 130). The Court agrees. Accordingly, the motion is **DENIED** with respect to Rysavy's reliance on the CORE Remote.

Defendant identified the Kurple patent in its invalidity contentions (Dkt. No. 131-1 at 6) and provided a claim chart for the Kurple patent with its invalidity contentions. (Dkt. No. 131-6). However, the chart does not list the Kurple patent as one of the obviousness combinations for the limitations complained of in the motion. The Kurple patent was therefore not timely disclosed in that limited role. The motion is therefore **GRANTED** with respect to Rysavy's reliance on the Kurple patent in that role.

**SIGNED this 25th day of July, 2019.**

_____
3   ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE